IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | | |
|---|---|---|
| GARY LEE GOODWIN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 11-6068-HO |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOSH HALL; BENTON COUNTY PAROLE | ) | |
| and PROBATION (OR); SARAH | ) | |
| INGALLS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## INTRODUCTION

Plaintiff Gary Goodwin (Goodwin) challenges conditions of his probation as enforced by Benton County parole and probation officers (PO) Josh Hall and Sarah Ingalls. [#2]. Goodwin asserts their restriction on his ability to associate or live with Jeffrey Sharp violates his First Amendment constitutional right of free association. *Id.*

1 -- ORDER

Goodwin seeks declaratory relief to "clear up uncertainty to the extent that [he] can engage in expressive association with and live at the residence of Mr. Sharp." [#2-pp.6-7]. Goodwin moves for summary judgment alleging that defendants' motives in attempting to "disassociate plaintiff . . .from Mr. Sharp were not related to rehabilitation of plaintiff and protection of public but political, repressive and retaliatory." [#11-p.3].

Defendants respond that plaintiff's complaint is improperly styled as a section 1983 civil rights claim and should be dismissed with directions to properly present this claim as a *habeas corpus* petition to an Oregon state court. [#13-p.3]. Additionally, defendants cross-move for summary judgment contending that as a convicted sex offender, plaintiff is subject to post-prison supervision of the Oregon Board of Parole and Post-Prison Supervision including general and special conditions relating to his housing and association with known drug users. [#18-p.2].

## BACKGROUND FACTS

Because neither party submitted a concise statement of material facts nor enumerated the facts referenced in pleadings, it is somewhat difficult to ascertain those expressly or implicitly admitted and/or denied. The following facts are therefore derived from the parties' statements and accompanying admissible evidence, which are either undisputed or framed in the

2 -- ORDER

light most favorable to the nonmoving party.

Goodwin was convicted of delivering a controlled substance to a minor on June 14, 2006. [#11-Ex.1-p.4]. He pleaded no contest to several sex offenses on November 2, 2006. [#11-Ex.1-pp.1-3]. He was required to register as a sex offender and upon release from prison required to attend sex offender treatment on a weekly basis. [#11-Ex.1; #16-Ex.1; #17-Ex.1]. Goodwin is currently on post-prison supervision under the authority of the Oregon Board of Parole and Post-Prison Supervision. [#17-Ex.1]. Goodwin's conditions of supervision include "[d]o not go to places where drugs are know to be used, kept, manufactured or sold . . . [n]o association with known drug users outside of a treatment setting . . . ." [#17-Ex.1, p.2].

Defendants PO Josh Hall and PO Sarah Ingalls have on separate occasions while supervising plaintiff, each directed Goodwin not to associate with or reside at the home of Mr. Sharp because this residence is: (1) listed by several individuals who are under parole and probation supervision for drug offenses, violent crimes and sex offences; (2) one in which minors are present (3) one in which the residents are uncooperative with law enforcement and parole officers and (4) where Goodwin upon previously absconding was apprehended and arrested. [#16; #17]. Goodwin's parole officers contend (and assert that Goodwin agrees), that this environment is not a good environment in which

Goodwin should be if he is to succeed in redirecting his post-
prison life. [#16-p.2, ¶¶ 3-4; #17-p.2,¶¶ 3-4 and Ex.2].

## DISCUSSION

Defendants argue that under "the *Heck* doctrine," plaintiff's
challenge to conditions of parole must be styled as a *habeas
corpus* claim rather than a civil rights action arising under 42
U.S.C. § 1983. [#13; #18]. The *Heck* Court held that a civil
rights action may not be asserted if a judgment in the plaintiff'
favor would necessarily imply the invalidity of a conviction or
sentence which remains outstanding against the plaintiff. *Heck
v. Humphrey,* 512 U.S. 477, 486-87 (1994).

However neither the Supreme Court nor the Ninth Circuit has
specifically addressed whether a parolee challenging the
conditions of his parole fits within the *habeas corpus* body of
law. Indeed, where as here, a parolee preemptively challenges
the conditions of his parole, outside the context of a
revocation, courts have been inconsistent. See e.g., *Moreno v.
California,* 25 F.Supp. 2d 1060 (N.D.Cal.1998)(holding challenges
to parole conditions not cognizable under section 1983 until the
conditions have been invalidated.); *Drollinger v. Milligane,* 552
F.2d 1220, 122-25 (7th Cir. 1977)(probationer seeking injunctive
relief from certain probationary conditions improperly raised
under section 1983 because parole conditions are part of sentence
and therefore attacking conditions is seeking release from at

least part of the sentence.); but see *Yahweh v. U.S. Parole Com'n*, 158 F.Supp. 2d 1332, 1339 (S.D.Fla.2001)(parole conditions not what confines a parolee rather, it is the underlying conviction and sentence so, challenge to parole conditions appropriate under section 1983); *Lee v. Jones,* 2006 WL 44188 (D.Or.2006)(no way to distinguish prison conditions examined under section 1983 from parole conditions and thus, *habeas corpus* not exclusive remedy).

Given this inconsistency and the liberal construction the court is instructed to use for *pro se* litigant's pleadings, I find plaintiff's claim is appropriately before this court. The question thus remaining is whether the parole condition limiting Goodwin's freedom to associate with those of his choice violates his constitutional rights.

It is well established that the court has wide discretion to impose conditions of supervised release. *United States v. Consuelo-Gonzalez,* 521 F.2d 259, 262(9th Cir.1975)(*en banc*). That discretion is limited by the statutory direction that, the conditions must be reasonably related to the goal of deterrence, protection of the public or rehabilitation of the offender. 18 U.S.C. § 3583(d)(1); 18 U.S.C. §3553(a). The conditions need not relate to the offense for which the parolee was convicted so long as they satisfy any of the statutory conditions. *United States v. Johnson,* 998 F.2d 696, 699 (9th Cir. 1993).

5 -- ORDER

In this instance, there is ample evidence in the record that the Sharp residence is a place both frequented by convicted drug offenders and whose residents do not routinely cooperate with either law enforcement or parole officers making the PO's task of supervision difficult or impossible.   I therefore find that the condition restricting Goodwin's association with Mr. Sharp and his residence is reasonably related to the statutory goals of deterrence, and rehabilitation.   Because this limited condition does not rise to the level of a constitutional violation, defendants are entitled to summary judgment on plaintiff's claims.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment [#11] is DENIED; defendants' motion for summary judgment [#14] is GRANTED.   Any pending motions are denied as moot.   This proceeding is dismissed.

IT IS SO ORDERED.

DATED this ____ day of July, 2011.

_____
United States District Judge

6 -- ORDER